IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| George Markakis<br>c/o Zuzolo Law Offices, LLC<br>700 Youngstown Warren Rd<br>Niles, OH 44446 | Case No. 2013 CV 1642<br><br>Hon. |
|                 Plaintiff,<br>v. | **COMPLAINT:CIVIL OTHER**<br><br>**JURY DEMANDED HEREON** |
| J.A. Cambece Law Offices, P.C.<br>c/o James Anthony Cambece, Statutory Agent<br>200 Cummings Center, #173D<br>Beverly, MA 01915<br><br>&<br><br>CACH, LLC<br>c/o The Corporation Company, Statutory Agent<br>1675 Broadway, #1200<br>Denver Co 80202<br><br>                Defendants. | |

## JURISDICTION AND VENUE

1. Plaintiff, George Markakis, is an adult resident of Summit County Ohio. George is a consumer as defined by 15 U.S.C. §1692a(3).

2. Defendant, J.A. Cambece Law Offices (herein after "Cambece") is a debt collector as defined by 15 U.S.C. §1692a(6). Cambece attempted to collect debts for personal, family, and household purposes defined by 15 U.S.C. §1692a(5). Specifically, the Defendant attempted to collect a credit card on behalf of CACH, LLC and originally owed to Bank of America directly from George at his place of residence in Summit County.

3. Defendant, CACH, LLC (hereinafter "CACH"), is a debt collector as defined by 15 U.S.C. §1692a(6). CACH, LLC purchased this debt already in default from Bank of

1

America and then used Cambece and another debt collector Weltman, Weinberg & Reis (not made part of this action) to try to collect the debt.

4. This cause of action arises out of attempts to collect a debt for personal, family, or household purpose, as defined by 15 U.S.C. §1692a(5), and out of a consumer transaction, as defined by Ohio Revised Code §1345.01(A). These collection attempts occurred through the mail and telephone both directly with George and his counsel.

## **STATEMENT OF FACTS**

### CAMBECE

5. On or about March 5 2012, Cambece offered to settle a disputed balance with the Plaintiff for a lump sum payment of $5,600.00.

6. With the assistance of his attorney, the Plaintiff tendered the full amount of the settlement by the required deadline.

7. On or about June of 2012, Cambece began sending demands for payment on the remaining balance which was supposed to be settled in full.

8. On or about July18, 2012, the Plaintiff's attorney emailed the representative for Cambece, Mr. Medeiros, reminding him of the settlement and to direct all future communications to his attention. Mr. Miedeiros and Cambece were already aware of the representation of counsel from the communications in March of 2012.

9. Despite this notice, Cambece again sent a collection letter dated July 29, 2012 seeking the remaining balance.

10. Eventually, Cambece returned the debt to CACH. CACH then sent the remaining balance to Weltman, Weinberg & Reis for collection in October 2012.

11. CACH also continued to report the debt with an open balance on his credit report. At the very least, CACH should have marked the debt as disputed.

12. The Plaintiff engaged counsel and sent a dispute and cease and desist letter to Weltmam. Weltman acknowledged that they were closing the account.

13. The actions by the Defendants have caused the Plaintiff actual damages for out of pocket costs in attorneys fees in having to address the constant and improper collection actions. In addition, the Plaintiff has experienced non-economic damages in the form of strain on his relationship with his wife, loss of privacy, humiliation, frustration, loss of time, and anger.

14. These actions are a pattern and practice of both CACH and Cambece.

## COUNT ONE

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 et seq

15. Plaintiff reasserts each and every allegation as if fully rewritten herein.

### CAMBECE

16. The following actions by Cambece constitute improper collection conduct, including but not limited to: misrepresentation regarding settlement of the debt; continuing to collect a debt not owed; and contacting a consumer after notice of representation of counsel. The conduct by Cambece violates the FDCPA including but not limited to the following sections:

   a. 1692 d- any conduct the natural consequence of which is to harass, oppress, or abuse any person

  b. 1692e- any other false deceptive, or misleading representation or means in connection with the debt

  c. 1692e(2)-misrepresenting character, amount or legal status of the debt

  d. 1692e(10)- any false representation or deceptive means to collect a debt

  e. 1692f- any unfair or unconscionable means to collect or attempt to collect the alleged debt

  f. 1692c(a)(2) contacting a consumer after notification of representation of counsel

17. The actions by Cambece entitle the Plaintiff to actual damages including damages for mental anguish, embarrassment, and emotional distress and reasonable attorney's fees and costs.

## CACH

18. Plaintiff reasserts each and every allegation as if fully rewritten herein.

19. CACH is derivatively liable as a debt collector for the FDCPA violations of their agent debt collector, Cambece. In addition CACH is directly liable for their own violations of the FDCPA, including but not limited to reporting false information to the credit bureaus regarding the debt, knowingly refusing to honor the settlement of the debt, and knowingly placing the debt for collection when the debt had been settled. In addition, CACH is on notice of a pattern of FDCPA violations from Cambece.. Despite this notice CACH continues to hire this agency to collect their debts.

## COUNT TWO

### CONSUMER SALES PRACTICES ACT
### OHIO REVISED CODE §1345.01 ET. SEQ.

20. Plaintiff reasserts each and every allegation as if fully rewritten herein.

21. The deceptive and unconscionable debt collection means used by CACH and Cambece are in knowing violation of the Ohio Consumer Sales Practices Act and as such plaintiff is entitled to statutory damages, actual damages including emotional distress and reasonable attorneys fees and costs from each Defendant.

## COUNT THREE

### Fraudulent Misrepresentation

22. Plaintiff reasserts each and every allegation as if fully rewritten herein.

23. CACH and Cambece intentionally and or recklessly misrepresented that if the Plaintiff paid $5600.00 that the debt would be settled in full. The Defendants intended that the Plaintiff would foreseeably and justifiably rely on this misrepresentation when in fact the Defendants had no intention of honoring the settlement. The plaintiff did in fact rely on the misrepresentation and tender the $5,600.00. The Defendants' did not settle the account and continued to try to collect the remaining balance causing the Plaintiff additional costs in attorneys fees, credit damage, and non-economic damages.

24. The Plaintiff is entitled to compensatory damages, for out-of-pocket costs and non-economic damages, punitive damages, and reasonable attorneys fees and costs.

WHEREFORE Plaintiff prays, as to all counts, for actual damages in excess of $25,000. As to Count Two actual damages times three. Punitive Damages, reasonable attorney's fees and costs and any and all other relief this Honorable Court deems appropriate.

        Respectfully submitted,

        /s/ Philip D. Zuzolo
        Philip D. Zuzolo (0081865)
        Zuzolo Law Offices, LLC
        700 Youngstown Warren Rd
        Niles Ohio 44446
        330-652-1609
        330/652-9421 – fax
        lawyers@zuzolo.com
        Attorney for Plaintiff

### ***JURY DEMAND***

Plaintiff requests that this action be heard before a jury.

        /s/ Philip D. Zuzolo
        Philip D. Zuzolo (0081865)
        Zuzolo Law Offices, LLC
        Attorney for Plaintiff